## Gray *against* Wilson.

One who has the exclusive custody of a stock of goods of another, for the purpose of carrying on the business of a retail store, and during its continuance becomes personally liable, and pays for goods purchased to replenish the stock, does not thereby acquire a lien on the goods to secure him against such liabilities and advancements.

ERROR to the common pleas of *Cumberland* county.

This was an action of replevin by John Gray against James Wilson, in which a verdict was rendered for the defendant, and the court below arrested the judgment. Upon a writ of error, the judgment of the court below was reversed, and judgment entered on the verdict for the defendant by this court. See 8 *Watts* 25, where the whole case is fully stated, except that part of it which gave rise to the point now raised on this writ of error, which was taken by the plaintiff to remove the same record.

It appeared upon the trial, that while Wilson was carrying on the business, he made purchases of goods, and incurred a liability to pay for them, at Gray's instance, and did actually pay for them of his own funds, to an amount exceeding 3000 dollars.

The defendant requested the court to charge the jury upon several points, the answers to which were made the subject of exception.

*Fifth Point.*—A factor, such as James Wilson was, as between John Gray and himself, has a lien upon the goods of his principal for advancements made by him, or responsibilities incurred in conducting the agency: and the goods cannot be taken from him by the principal without paying such advancements, or relieving the agent from such responsibilities.

*Charge.*—" It is a general principle of law, that a factor has a lien upon the goods of his principal for advancements made by him, or responsibilities incurred in conducting the agency; and the goods cannot be taken from him by the principal without paying such advancements, or relieving the agent from such responsibilities. So far as this principle applies, the defendant is entitled to use it in his defence. We cannot say, as requested, that James Wilson was

[Gray v. Wilson.]

such a factor, and had such right. Where parties make particular agreements and stipulations between themselves, such agreements and stipulations take place of general principles of law. The parties make the law in such cases for themselves. If there was nothing in the agreements and arrangements of the parties, indicating a different rule, the law of lien would apply, and would afford a defence against this suit. The plaintiff, in the nature of his action, claims the property and the possession of it. It is plain, if he was, at the time of issuing the writ, not entitled to such possession, by reason of a lien in favour of defendant, such as is alleged in the plea of defendant pleaded, the plaintiff could not recover."

*Sixth Point.*—If the jury believe that James Wilson, at the period of dissolution between him and John Gray, claimed to retain possession of the said goods and books of account by reason of his lien upon them, or by reason of his liabilities on account of their purchase, and John Gray also claimed them, and they agreed to deposit them in a particular place, to be locked up, and the key and books of account should be delivered to a third person, there to remain until their difficulties and accounts were settled, and that, while the goods were thus deposited, this writ of replevin was sued out, the plaintiff cannot recover.

*Charge.*—" This is substantially the fact put in issue by the first plea of the defendant, and the replication to it. It is alleged in point of fact as a defence to the suit. It is replied to, not to be true in point of fact; and upon this issue is joined. It is submitted to the jury to determine. If such facts, if true, are no bar to the action, the plaintiff might have so pleaded, and submitted it to the court, and not to the jury. But this is not done, and we speak to the pleadings as we find them. The point is answered in the affirmative. But in point of law, too, we think the facts, if proved to be true, would constitute a good defence. The settlement of the dispute was a good consideration for such agreement."

*Seventh Point.*—If the defendant be entitled to recover, he is entitled to have damages for the detention of the property from the execution of the writ of replevin until this time, and that the measure of damages is the interest of the value of the property replevied by the plaintiff.

*Charge.*—" Where there is an unjust detention of the property, and defendant is entitled to recover in replevin, he is entitled to recover his damages for the unjust detention by the plaintiff. But we cannot say, that under the facts in this case, that in law, the measure of damages is the interest of the value of the property replevied by the plaintiff. The amount of the damages, in case of a verdict for the defendant, is to be determined by the jury from all the evidence."

Verdict for the defendant, and damages assessed at 790 dollars 12 cents.

The errors assigned were in answer to these points.

IX.—2 T

[Gray v. Wilson.]

*Alexander*, for plaintiff in error.
*Graham* and *Watts*, for defendant in error.

The opinion of the court was delivered by

KENNEDY, J.—Five errors have been assigned, but the third seems to be the only one that is maintainable. It is an exception to the answer given by the court below to the fifth point submitted by the counsel for the defendant. By it the court were requested to instruct the jury that "a factor, such as the defendant was, as between the plaintiff and himself, had a lien upon the goods of his principal for advancements made by him, or responsibilities incurred in conducting the agency; and the goods could not be taken from him by the principal, without first paying such advancements, or relieving the agent from such responsibilities." The court, in reply, told the jury "it was a general principle of law, that a factor had a lien upon the goods of his principal for advancements made by him, or responsibilities incurred in conducting the agency, and the goods could not be taken from him by the principal without paying such advancements, or relieving the agent from such responsibilities; as far as this principle applied, the defendant was entitled to use it in his defence; we can not say, as requested, that the defendant was such factor, and had such right. When parties make particular agreements and stipulations between themselves, such agreements and stipulations take place of general principles of law. The parties make the law in such cases for themselves. *If there was nothing in the agreements and arrangements of the parties indicating a different rule, the law of lien would apply, and afford a defence against this suit.* The plaintiff, in the nature of his action, claims the property and the possession of it. It is plain, if he was, at the time of issuing the writ, *not entitled to such possession, by reason of a lien in favour of the defendant,* such as is alleged in the plea of the defendant pleaded, *the plaintiff could not recover.*" Now it may be, that the court intended, and I am rather inclined to think it was so, to instruct the jury, that from the evidence the defendant could not be considered in the light of a factor, and as having a lien upon the goods for his advances or responsibilities incurred, and therefore, as such, could not claim to have the possession of the goods and make it a ground of defence in this action. But it appears to us from the obscurity of the language used by the court in their answer, that the jury might readily have understood the court differently, and have thought that the court intended to instruct them, that the defendant was such an agent, or factor, as had, by operation of law, a lien upon the goods, unless he had deprived himself of it by his agreement made with the plaintiff; and whether he had or not was a question of fact for them to decide. Now it would have been error in the court to have given such instruction to the jury; because, from the evidence, the defendant could at no time be considered as the factor, technically speak-

[Gray v. Wilson.]

ing, of the plaintiff, so as to give him a lien on the goods. His agency was of an entirely different character. Though the term *agent*, being *nomen generalissimum*, includes a factor, yet the latter is only a particular species of agent. His time is not wholly taken up in the employment of any one person, as that of the defendant was in the employment of the plaintiff here; but he may be, and frequently is, engaged every day in buying and selling goods for divers persons, who have employed him for that purpose. His employment, in general, is by persons who reside abroad or at some distance, and he is never employed to give all his time and attention, *exclusively*, to the business of the same individual, for a definite period of time, as the defendant was by the plaintiff in this case. The lien which a factor has on the goods of his principal in his hands, is what is termed a *general* lien, founded on custom, and not much favoured, because it encroaches upon the common law, and destroys the equal distribution of a debtor's estate among his creditors. Hence such a lien is looked at with jealousy, and can only be established by the production of clear and satisfactory evidence, showing either a settled and uniform usage authorising it, or an express agreement between the parties creating it, or else a particular mode of dealing between them, from which it may be fairly and necessarily inferred. Rushforth *v.* Hadfield, 6 *East* 519; S. C., 7 *East* 224; Houghton *v.* Matthews, 3 *Bos. & Pul.* 494; Bleadon *v.* Hardcock, 4 *Carr & Payne* 152. But in the present case nothing of the kind appears which could give the defendant a lien of any sort, either general or particular, upon the goods. And as the evidence went to establish most indisputably that the right of property in the goods was in the plaintiff, there is great reason to conclude that the jury understood the court below as leaving the question of lien or no lien on the goods as a question of fact, to be decided by them; and that they, conceiving the defendant had a lien upon the goods, found in his favour. For it appears abundantly clear from the evidence, that the defendant proved no right which could, in law, entitle him to a return of the goods, whatever his right may be under the agreement made between him and the plaintiff, to have the goods restored to the possession of the person with whom they were, in pursuance thereof, deposited. Besides, it may be that the defendant has sustained no real loss or damage by the removal of the goods from the custody of the depository, for as yet it has not been shown in whose favour the balance would be, upon a final and complete settlement of their mutual claims. Upon such settlement, for aught that appears, it may be, that the defendant will be found to be indebted to the plaintiff, and if so, the plaintiff is clearly entitled to the possession of the goods. It would, therefore, seem to be requisite or proper, that the defendant should, in some action to be brought by him, prove and show the plaintiff's indebtedness to him; otherwise it would be the greatest injustice imaginable, that the defendant should not only

[Gray v. Wilson.]

have all the goods given up to him, but recover also from the plaintiff damages to the amount of nearly 800 dollars. Seeing the defendant was not in the possession of the goods, but had, by the consent of the plaintiff, previously to suing out the writ of replevin, delivered them over to a third person, I do not see why he should have been made the defendant in the writ. But having been made such, it appears to me that the only plea which he could have sustained, would have been that of *non cepit*. Under this plea, from the evidence, he would have had a verdict in his favour, entitling him to costs, but not to a return of the goods.

Under this view of the cause, we conceive that the answer of the court below, given to the defendant's fifth point, was couched in language calculated to mislead the jury in relation to the law on the subject of lien.

Judgment reversed, and a *venire de novo* awarded.